## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSE MARTINEZ-NAVARRO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-853-CJP[1] |
| | ) | |
| JAMES N. CROSS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

Currently before the Court is Respondent James Cross's motion to dismiss Petitioner Jose Martinez-Navarro's petition for writ of habeas corpus (Doc. 10). For the reasons stated below, the motion to dismiss (Doc. 10) is granted, the habeas petition (Doc. 1) is denied, and this matter is dismissed with prejudice.

## BACKGROUND

Petitioner Jose Martinez-Navarro was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine and sentenced in September 2010 to 120 months' imprisonment (Doc. 10-1).   His projected release date is July 24, 2018 via good conduct credit (Doc. 10-2).

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).   In his habeas petition, Petitioner claims that he was told by the

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c) (Doc. 16).

Bureau of Prisons ("BOP") that he would not be eligible for a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B) if he successfully finished the Residential Drug Abuse Program ("RDAP") because of his prior conviction for aggravated assault (Doc. 1).

The RDAP is an intensive, three-part drug treatment program administered by the BOP that requires a minimum of 500 hours of treatment in a unit set apart from the general prison population.   28 C.F.R. § 550.53(a)(1); U.S. DEP'T OF JUSTICE, BOP PROGRAM STATEMENT NO. 5330.11 ch. 2, p. 8 (2009).   For inmates who successfully complete the residential drug treatment program, the BOP has the discretion under 18 U.S.C. § 3621(e)(2)(B) to grant an early release of up to one year.   However, inmates convicted of a violent offense are categorically ineligible for the early release incentive.   *See* 18 U.S.C. § 3621(e)(2)(B).   The BOP has determined that one such category of inmates who are ineligible for early release is those who have a prior felony or misdemeanor conviction for aggravated assault.   28 CFR § 550.55(b)(4).

Petitioner argues that the BOP abused its discretion under the Administrative Procedures Act and violated the Equal Protection Clause by categorically excluding all persons with prior convictions for aggravated assault. Petitioner claims that under certain state laws aggravated assault can be committed by reckless conduct and is therefore a non-violent offense (Doc. 1).

Respondent James Cross filed a motion to dismiss the habeas petition, and later filed a supplemental brief (Docs. 10, 17).   Respondent points out that, at the

time Petitioner filed his habeas petition, he had never submitted an application to participate in the RDAP (Doc. 10).  After Petitioner filed his habeas petition, he applied to the RDAP and was deemed qualified to participate (Doc. 10). Furthermore, the BOP determined that Petitioner's prior conviction for aggravated assault does not preclude him from receiving a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) in the event that he successfully completes the RDAP (Doc. 17). Because the BOP has determined that Petitioner is eligible to participate in the RDAP and eligible for early release, Respondent claims that Petitioner's entire petition is moot because the Court cannot give him any further relief.

## ANALYSIS

Article III of the U.S. Constitution limits the authority of the federal courts to those claims that present a live case or controversy.  *Indiana Right to Life, Inc. v. Shepard*, 507 F.3d 545, 549 (7th Cir. 2007) (citing *McConnell v. FEC*, 540 U.S. 93 (2003)).  To satisfy the case or controversy requirement, the plaintiff must have standing to bring the claims, the issues presented must be ripe for judicial review, and the case must not be rendered moot at any stage of the litigation.  *See Wisconsin Right to Life, Inc. v. Schober*, 366 F.3d 485, 488–89 (7th Cir. 2004) ("Concepts such as standing, mootness, and ripeness assure that cases will be litigated by those having an actual stake in the outcome and that decisions will be made in an arena of real and substantial problems to be redressed by specific solutions.")  A petitioner has standing to bring a claim if he has suffered an injury

in fact, meaning "an invasion of a legally protected interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical." *Area Transp., Inc. v. Ettinger*, 219 F.3d 671, 672 (7th Cir. 2000) (citing *Friends of the Earth, Inc. v. Laidlaw Env. Servs., Inc.*, 528 U.S. 167, 180 (2000)).   A claim is not ripe for judicial review "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."   *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal citations and quotation marks omitted).   "[A] case is moot if there is no possible relief which the court could order that would benefit the party seeking it."   *Maher v. FDIC,*  441 F.3d 522, 525 (7th Cir. 2006) (internal citation omitted).

Respondent argues that Petitioner's challenge to the BOP's individual decision in his particular case is moot because the BOP determined that he was eligible for the RDAP and for early release, and therefore, the Court cannot offer Petitioner any further relief.   The Court agrees that Petitioner's claims are undoubtedly moot now, but finds that the more appropriate reason to dismiss Petitioner's claims is because they were never ripe and he never had standing to bring them in the first place.

In the context of a challenge to a particular decision by the BOP regarding eligibility for the RDAP and early release, it is axiomatic that such a challenge is not ripe until the BOP's decision has actually been made.   *See Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004) ("The basic rationale of the ripeness doctrine is to prevent the courts . . . from judicial interference until an administrative decision

has been formalized and its effects felt in a concrete way by the challenging parties.")   Here, at the time the petition was filed, the BOP had not made any decisions regarding Petitioner's participation in the RDAP or his eligibility for early release if he successfully completed the RDAP.   Furthermore, the decisions could not be categorized as "imminent" because Petitioner had not even applied for the RDAP.   Petitioner simply assumed that he would be excluded from participating and ineligible for early release.   In other words, Petitioner's claim rested upon contingent future events that we now know did not occur as he anticipated, and a hypothetical injury that he never suffered.   Therefore, at the time the habeas petition was filed, Petitioner's claim did not present a justiciable case or controversy because it was unripe and he did not have standing to bring it. Accordingly the claim must be dismissed for lack of jurisdiction.

It appears to the Court that Petitioner is also challenging the BOP's rules governing eligibility determinations for RDAP and early release, specifically the rule categorically excluding inmates from early release who had a prior conviction for aggravated assault (*See* Doc. 1).   To the extent this is true, this claim must also be dismissed.   Petitioner filed his habeas petition before he could know whether or not the BOP would apply that rule to him.   Again, Petitioner's claim rested upon contingent future events that we now know did not occur as he anticipated, and a hypothetical injury that he never suffered.   Therefore, his claim did not present a justiciable case or controversy and the Court lacks jurisdiction to adjudicate the claim.   Furthermore, even if Petitioner's claim was properly before the Court, he

would not be entitled to relief because the Supreme Court has already upheld the BOP's discretionary exclusion of pre-conviction categories of crimes under § 3621(e)(2)(B) without any individualized consideration.   *Lopez v. Davis,*  531 U.S. 230, 241–42 (2001).

In conclusion, neither of Petitioner's claims were ripe and he lacked standing to bring them at the time the habeas petition was filed.   Since then, the BOP has deemed Petitioner qualified to participate in the RDAP and eligible for early release despite his prior conviction for aggravated assault.   Therefore, Petitioner never sustained an injury as a result of either the BOP's policy or the BOP's decision in his case, and his claims have become completely moot.

Consequently, Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. 10) is **GRANTED**.   Petitioner Jose Martinez-Navarro's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   June 12, 2014

s/ **Clifford J. Proud**
CLIFFORD J. PROUD
United States Magistrate